J-S21015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL RYAN BOYES | |
| Appellant | No. 2986 EDA 2018 |

Appeal from the PCRA Order Dated September 6, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0001479-2015

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 25, 2019**

Appellant Michael Ryan Boyes appeals from the September 6, 2018 order entered in the Court of Common Pleas of Delaware County ("PCRA court"), which dismissed as untimely his second petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under **Turner**/**Finley**.[1]  Upon review, we affirm and grant the petition to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, in connection with a 2015 incident involving a minor, Appellant entered into a negotiated guilty plea to one count of solicitation of involuntary deviate sexual intercourse ("IDSI") of a person under the age of sixteen,[2] a Tier III offense

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] 18 Pa.C.S.A. §§ 902 and 3123(a)(7).

requiring a lifetime registration under the Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.14(d), 9799.15(a)(3). On October 19, 2015, consistent with the negotiated plea, the trial court sentenced Appellant to two and one-half to five years' imprisonment, followed by five years' probation. The trial court also subjected Appellant to SORNA's lifetime registration requirement, as contemplated by the plea agreement. Appellant did not file a direct appeal. Appellant's judgment of sentence became final on November 18, 2015.

On September 19, 2016, Appellant *pro se* filed a PCRA petition, his first, asserting, *inter alia*, ineffective assistance of counsel claims. The PCRA court appointed counsel who then filed a no-merit letter pursuant to **Turner**/**Finley** and petitioned to withdraw from the case. On March 15, 2017, the PCRA court granted counsel's petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response to the PCRA court's Rule 907 notice. On April 18, 2017, the PCRA court denied Appellant PCRA relief without a hearing. Appellant did not file an appeal.

On November 27, 2017, Appellant *pro se* filed a petition for writ of *habeas corpus*, raising a claim under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[3] Treating the writ of *habeas corpus* as Appellant's second

_____

[3] In **Muniz**, our Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal

PCRA petition, the PCRA court appointed counsel, who subsequently filed an amended petition.[4] The Commonwealth filed a motion to dismiss the petition. On August 17, 2018, the PCRA court filed a Rule 907 notice of its intent to dismiss without a hearing the amended PCRA petition. On September 6, 2018, the PCRA court dismissed as untimely Appellant's second PCRA petition, as subsequently amended by appointed counsel. Appellant appealed to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error.

> Was the [PCRA] court in error for dismissing Appellant's petition for post conviction relief which argued that his sentence was unconstitutional pursuant to [**Muniz**] as [i]t pertains to his lifetime registration requirements?

Appellant's Rule 1925(b) Statement, 10/31/18.

---

*ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution.

[4] It is well settled that the PCRA is intended to be the "sole means of obtaining collateral relief." 42 Pa.C.S. § 9542; *see also Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998). So long as the PCRA provides a potential remedy to a given claim, "the PCRA statute subsumes the writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citation omitted). A challenge to the legality of sentence is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii); *see also Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). When raising a challenge to the legality of his sentence, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

On January 10, 2019, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel repeats the claim under **Muniz**. **See Turner**/**Finley** Brief at 4.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

(1)     PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2)     PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3)     This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting **Turner**, **Finley**, **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), and **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2008), **overruled in part by**, **Pitts**).

We find that PCRA counsel has complied with **Turner**/**Finley**. PCRA counsel has petitioned for leave to withdraw and filed an **Anders** brief, which we accept in lieu of a **Turner**/**Finley** no-merit letter.[5] Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

_____

[5] **Anders v. California**, 386 U.S. 738 (1967), sets forth the requirements to withdraw on direct appeal, which are more stringent than the **Turner**/**Finley**

We now turn to this appeal to determine whether it is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819.

Before we may address the merits of this appeal, however, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

requirements that apply on collateral appeal. *See Widgins*, 29 A.3d at 817 n.2. "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Id.*

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on November 18, 2015. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from November 18, 2015, to file his PCRA petition, the current filing raising the *Muniz* issue is facially untimely given it was filed on November 27, 2017.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant invokes the time-bar exception of Section 9545(b)(1)(iii) of the PCRA in arguing, without citing any legal authority, that that our Supreme Court's decision in *Muniz* created a new substantive right that applies retroactively. Our Supreme Court has set

forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497, 501 (2002).

We recently addressed a similar claim under Section 9545(b)(1)(iii) in

*Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018). In *Murphy*,

we explained:

> that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-06 (emphasis in original) (citations omitted).

Consistent with *Murphy*, Appellant obtains no relief *sub judice* because, to date, our Supreme Court has not held *Muniz* to apply retroactively to meet the Section 9545(b)(1)(iii) exception. Accordingly, we affirm the PCRA court's order, as Appellant's petition is untimely.

Upon conducting our independent review of the record, we conclude that this appeal is in fact meritless.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/19